**Order filed October 8, 2014.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-14-00427-CR
_____

**NARJES MODARRESI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1260243**

## ORDER

The reporter's record in this case was due September 19, 2014. *See* Tex. R. App. P. 35.1. On August 7, 2014, the official court reporter, **Pamela Kay Knobloch,** filed 14 of 15 volumes of the record. In the Master Index, the court reporter stated that Volume 2, which was not filed, was a pretrial hearing that was reported by a substitute reporter, Walter Johnson. In response to correspondence from this court, on September 3, 2014, Walter Johnson filed a notice stating that he

did not report any hearings in this case. The trial court's docket sheet contained in the clerk's record does not reflect a pretrial hearing was conducted, other than a *Batson* challenge at the conclusion of voir dire. The record of the *Batson* hearing appears to be included in Volume 3, the record containing the voir dire proceedings. This court requested that the official court reporter correct the Master Index and volume numbers to omit the volume reserved for a pretrial hearing. In response, on September 9, 2014, the official court reporter requested additional time to investigate whether a pretrial hearing was reported. To date, the official court reporter has not made any further response to this court, and the record has not been filed with the court. Because it appears that the complete reporter's record has not been filed timely, we issue the following order.

We order **Pamela Kay Knobloch**, the official court reporter, to file the missing volume 2 of the record, or alternatively, to file a corrected record omitting the volume reserved for a pretrial hearing, in this appeal **within 30 days** of the date of this order.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). The trial court must help ensure that the court reporter's work is timely accomplished. Tex. R. App. P. 13.3. The official court reporter is required to file a written report showing the amount and nature of the business pending with the trial court and the appellate court clerk. Tex. R. App. P. 13.4. When a substitute or deputy reporter is used, the substitute or deputy must file a report with the trial court clerk stating the date, court and number and style of the case the substitute or deputy worked. Tex. R. App. P. 13.5.

If **Pamela Kay Knobloch** does not timely file the record as ordered, we will issue an order directing the trial court to conduct a hearing to determine the reason for the failure to file the record.

PER CURIAM